UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL BRAUN, et al.,

    Plaintiffs,

v.                                                               Case No.: 23-CV-422

KENOSHA COUNTY, et al.,

    Defendants.

---

### REPORT AND RECOMMENDATION FOR DISMISSAL OF COMPLAINT

---

On March 30, 2023, Michael Braun and Jennifer Samuels filed a *pro se* complaint against Kenosha County, the Kenosha County Sheriff, the City of Twin Lakes, the Town of Randall, Ellis Border, Dave Laurine, Sarah Walsh, and Officer Kirk. (Docket # 1.) Kenosha County, the Kenosha County Sheriff, and Officer Kirk (the "Kenosha Defendants") have filed a motion to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(2), (5), and (6). The remaining defendants have not yet appeared.

### ALLEGATIONS IN COMPLAINT

Plaintiffs allege that they and their eight children rented a house from defendant Dave Laurine that was in dire need of repairs. (Docket # 1 at 1.) Plaintiffs allege Laurine failed to replace rotting steps in the house, causing Samuels to fall and injure her knee. (*Id.*) Plaintiffs allege that defendant Ellis Border is the village building inspector for the Town of Randall and despite calling him to complain about the condition of their rental property, Border merely responded by saying that "If I have to come out there to inspect anything, the only thing [I] would do, is slap a red tag on the door and immediately condemn the house

which would immediately cause the entire Braun family to be homeless, with 8 kids." (*Id.* at 2.)

Plaintiffs further allege that Kenosha County was contacted over the next four years with complaints regarding the condition of the rental property; however, Plaintiffs allege they were directed to Border "again to no avail." (*Id.*) Plaintiffs allege Kenosha County has "violated the Plaintiffs' 14th Amendment rights by discriminating against the Plaintiffs also forcing them to live in sub human conditions." (*Id.*)

Plaintiffs allege that their neighbor, defendant Sarah Walsh, vandalized their vehicles and despite the Kenosha County Sheriff taking a statement and advising Plaintiffs to call if they needed anything, Walsh was never charged by Officer Kirk with vandalism. (*Id.* at 2–3.) Plaintiffs allege this is "blatant discrimination by the Kenosha County Sheriff." (*Id.* at 3.)

Plaintiffs allege that Twin Lakes Police Officers harassed Braun and his family by mailing them fake tickets for supposedly "animals at large." (*Id.*) Plaintiffs allege that Laurine asked the mayor to "ticket Michael Braun as much as he could so Dave Laurine could kick the Plaintiffs out, due to the fact that the Plaintiffs hadn't fallen for Ellis Border's trick, of putting a 'red tag' on the door, for an easy eviction, because the Plaintiffs complain about the safety of their current living conditions." (*Id.*)

Plaintiffs allege that the Walworth County Sheriff informed Braun that the City of Twin Lakes put out seven warrants for Braun's arrest for the "animals at large." (*Id.*) Plaintiffs allege that Border is the building inspector for the City of Twin Lakes as well and this "immediately violated Mike Braun's 4th Amendments rights od [sic] illegal search and seizure." (*Id.*)

2

Plaintiffs allege the defendants conspired with one another to cause Plaintiffs harm. (*Id.* at 3–4.) Plaintiffs request damages in the form of: Samuels' medical expenses related to the fall at the rental property, the cost of the vandalism caused by Walsh, rent paid to Laurine, emotional distress damages, and money damages for defendants' alleged Fourth and Fourteenth Amendment violations. (*Id.* at 4.)

## LEGAL STANDARDS

The Kenosha Defendants move to dismiss the causes of action against them pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6). Rule 12(b)(2) permits a district court to dismiss an action for lack of personal jurisdiction. When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). Rule 12(b)(5) permits a district court to dismiss an action for insufficient service of process. Once service is challenged, the plaintiff bears the burden of establishing that service was valid. *Koss Corp. v. Pilot Air Freight Corp.*, 242 F.R.D. 514, 516 (E.D. Wis. 2007).

Rule 12(b)(6) tests whether the complaint properly states a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

3

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the non-moving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

1. *The Kenosha Defendants' Motion to Dismiss*

Once again, the Kenosha Defendants move to dismiss Plaintiffs' complaint against them for lack of personal jurisdiction, insufficient service of process, and failure to state a claim. (Docket # 6.) Plaintiffs have not responded to the Kenosha Defendants' motion.

Plaintiffs' complaint fails to state a cognizable claim against any of the Kenosha Defendants. As to Kenosha County, the Supreme Court held that local government entities, such as municipalities and counties, cannot be held vicariously liable for constitutional violations committed by their employees. *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Rather, a municipality can be liable under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance,

4

regulation, or decision officially adopted or promulgated by that body's officers." *Id*. To establish liability under *Monell*, a plaintiff must "show the existence of a policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation." *Jones v. City of Chicago*, 787 F.2d 200, 203 (7th Cir. 1986) (citing *Monell*, 436 U.S. at 690–94).

The totality of Plaintiffs' allegations against Kenosha County are that the County did not address their complaints regarding their landlord to their satisfaction. Plaintiffs then make a non-specific and conclusory allegation of discrimination. These factual allegations fall short of stating a constitutional violation, much less a claim under *Monell*. Thus, Plaintiffs' claims against Kenosha County are dismissed.

Plaintiffs also sue either the Kenosha County Sheriff's Department, or the Kenosha County Sheriff (i.e., the individual), but it is unclear which from the complaint. To succeed on a claim under § 1983, a plaintiff must prove that: (1) a person deprived him of a federal right, and (2) the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 100 S. Ct. 1920, 1923 (1980). Whether an entity is a suable "person" under § 1983 is dependent on state law. *Odogba v. Wisconsin Dep't of Just.*, 22 F. Supp. 3d 895, 906 (E.D. Wis. 2014). To the extent Plaintiffs sue the Sheriff's Department, municipal police departments are not suable entities under 42 U.S.C. § 1983. *Jackson v. Bloomfield Police Dep't*, No. 17-C-1515, 2018 WL 5297819, at *1 (E.D. Wis. Oct. 25, 2018), *aff'd*, 764 F. App'x 557 (7th Cir. 2019).

But even if Plaintiffs are suing the individual, the complaint fails to state a claim. Plaintiffs allege that the Kenosha County Sheriff did not refer the case to the local district attorney to charge their neighbor, Sarah Walsh, for vandalism. This is not a cognizable

constitutional claim. And while Plaintiffs make the conclusory statement that the failure to refer the case was "blatant discrimination," a complaint needs more than threadbare conclusions to survive a motion to dismiss. Plaintiffs' claims against the Kenosha County Sheriff is dismissed.

Finally, similar to the allegations against the Kenosha County Sheriff, Plaintiffs allege Officer Kirk refused to return their calls and failed to charge Walsh with vandalism. These facts do not amount to a constitutional violation and once again, Plaintiffs' conclusory statement that defendants engaged in "blatant discrimination" is insufficient to state a claim under § 1983. Thus, Plaintiffs' claims against Officer Kirk are dismissed.

   2.   *The Remaining Defendants*

Plaintiffs also sue the City of Twin Lakes, the Town of Randall, Ellis Border, Dave Laurine, and Sarah Walsh. Although these defendants have not yet appeared, pursuant to 28 U.S.C. § 1915(e)(2), district courts have the authority to dismiss a case at any time, regardless of fee status, if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim."). The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000).

2.1     City of Twin Lakes and Town of Randall

As stated above, local government entities can only be liable pursuant to § 1983 under *Monell*. Once again, to establish *Monell* liability, a plaintiff must "show the existence of a policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation." *Jones*, 787 F.2d at 203. Plaintiffs' complaint fails to allege any constitutional deprivation by either municipality, nor does it allege the existence of a policy or custom causally linked to any alleged constitutional deprivation. Plaintiffs allege the City of Twin Lakes "harassed" Braun by sending him "fake tickets" for having animals running at large. As to the Town of Randall, the complaint fails to allege any specific *Monell* allegations but appears to allege the Town of Randall is vicariously liable for its building inspector's actions. These are improper claims under § 1983 and must be dismissed.

2.2     Ellis Border

Plaintiffs' appear to sue Border is his capacity as building inspector for both the Town of Randall and the City of Twin Lakes. It is unclear the legal basis for Plaintiffs' claims against Border. Plaintiffs allege that when they called Border to report the condition of their rental property, he stated that if he came out to inspect, he would have to condemn the house. (Docket # 1 at 2.) Plaintiffs assert that what Border should have done was to "tell Dave Laurine what to do, and make sure he does it." (*Id.*) Plaintiffs accuse Border of "not doing his job." (*Id.*) Plaintiffs allege that Border conspired with other building inspectors working for Kenosha County to refuse to help Plaintiffs and to work with Laurine to evict tenants who complained of the conditions of his rental properties. (*Id.* at 3–4.)

To the extent Plaintiffs sue Border in his individual capacity under § 1983, the facts as alleged to not state a constitutional violation. To the extent Plaintiffs assert a negligence

7

claim against Border, Plaintiffs have failed to allege the Court's jurisdiction to hear this state law claim. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997) (federal courts are courts of limited jurisdiction and may entertain cases only where jurisdiction is authorized by the Constitution or by statute). For these reasons, Plaintiffs' claims against Border are dismissed.

### 2.3 Dave Laurine and Sarah Walsh

Plaintiffs make several claims against two non-state actors, Laurine and Walsh, that appear to sound in negligence. Plaintiffs allege both defendants caused them money damages due to their negligent actions, for Laurine, rent payments, and for Walsh, damages to their vehicles.

Once again, unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne*, 111 F.3d at 1316. Specifically, there must either be a question of federal law posed to the court, or a suit between citizens of different states or countries and an amount in controversy greater than $75,000. U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1332. A court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action" in which the court has original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Plaintiffs do not allege that Laurine and Walsh are not citizens of Wisconsin and in fact, at least as to Walsh, Plaintiffs affirmatively allege that she is their neighbor and thus likely is a citizen of Wisconsin. Nor is it clear that these state law causes of action are "so

8

Case 2:23-cv-00422-JPS   Filed 05/23/23   Page 8 of 11   Document 12

related" to any potential § 1983 claims as to form part of the same case or controversy. For these reasons, Plaintiffs have not properly alleged subject matter jurisdiction over either of these defendants and they must be dismissed.

### 2.4 Civil Conspiracy Claims

It also appears Plaintiffs allege various conspiracies, stating that "[a]ll of the defendants conspired with one another to cause harm on the defendants [sic] at any given time." (Docket # 1 at 3.) To the extent Plaintiffs allege conspiracy between state actors and non-state actors, while "[p]rivate parties have been found subject to liability under § 1983 when engaged in a conspiracy with one or more parties acting under the color of state law," to establish a conspiracy, the plaintiff must demonstrate that "the state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights." *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). But Plaintiffs' complaint fails to allege the deprivation of any constitutional right.

To the extent Plaintiffs allege Laurine and Walsh conspired to deprive him of his property, once again, Plaintiffs fail to demonstrate this Court has subject matter jurisdiction over this state law claim. For these reasons, Plaintiffs' complaint fails to allege civil conspiracy.

### 2. *Leave to Amend*

The Seventh Circuit instructs that when a plaintiff's complaint is dismissed for failure to state a claim, the general rule is to give at least one opportunity to amend the complaint before the entire action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). The court has stated that unless "it is certain from the face of the complaint that any amendment would be futile or otherwise

9

Case 2:23-cv-00422-JPS   Filed 05/23/23   Page 9 of 11   Document 12

unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id.* (emphasis in original).

This is the second complaint filed by these same plaintiffs in a one-month period. (*See* Case No. 23-CV-301.) Like Plaintiffs' current complaint, Plaintiffs' previous complaint was also written in a stream-of-consciousness manner making vague allegations against various counties, law enforcement officers, and private individuals. In Case No. 23-CV-301, Plaintiffs were given an opportunity to re-plead on the basis of the Seventh Circuit's general instruction in *Runnion*. Plaintiffs filed an amended complaint late, without explanation, and the complaint continued to be deficient. Plaintiffs also failed to respond to the Kenosha Defendants' motion to dismiss in this case.

Given the nature of these lawsuits and the Plaintiffs' actions, I do not find that granting leave to amend and encouraging further litigation of this matter is warranted. Plaintiffs have now been twice instructed as to proper claims to bring in federal court. Should Plaintiffs continue to file arguably frivolous lawsuits, they risk incurring such sanctions as a filing bar.

For these reasons, I recommend that Plaintiffs' complaint be dismissed.[1]

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's

---

[1] Because not all defendants have appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiffs' complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge