UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL BRAUN and JENNIFER SAMUELS,<br><br>Plaintiffs,<br><br>v.<br><br>KENOSHA COUNTY, KENOSHA COUNTY SHERIFF, CITY OF TWIN LAKES, TOWN OF RANDALL, ELLIS BORDER, DAVE LAURINE, SARAH WALSH, and OFFICER KIRK,<br><br>Defendants. | Case No. 23-CV-422-JPS<br><br><br>**ORDER** |

**1.    INTRODUCTION**

On May 23, 2023, the Honorable Magistrate Judge Nancy Joseph filed a report and recommendation advising that this case be dismissed in its entirety. ECF No. 12. Shortly thereafter, Plaintiffs Jennifer Samuels ("Jennifer") and Michael Braun ("Michael") objected thereto and moved for leave to electronically file. ECF Nos. 13, 14. For the reasons discussed herein, the Court will overrule Judge Joseph's report and recommendation and grant Plaintiffs leave to amend; deny Plaintiffs' motion to object; and deny Plaintiffs' motion for leave to file electronically.

**2.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed their original complaint on March 30, 2023, writing that the action "stemm[ed] from Kenosha County court case number 2022CV000421" and that Jennifer and Michael were "forced . . . to have to

file this in Federal court . . . because of ongoing harassment and civil rights violations since the original filing in Kenosha county." ECF No. 1 at 1.

Substantively, Plaintiffs allege that Defendant Dave Laurine ("Laurine") "caused [Plaintiffs] and . . . their children to suffer in subhuman conditions in the house" Plaintiffs rented from Laurine in Kenosha County. *Id*. Plaintiffs allege that Laurine's failure to maintain the property "[f]orce[d] Plaintiffs to move in the middle of winter" and caused "severe[] injury" to Jennifer after she fell off "the severely rotten wood steps." *Id*. They allege further that the village building inspector, Ellis Border ("Border"), largely ignored Plaintiffs' complaints about the house, conspired with police to "keep refusing any help for the Plaintiffs," and "threatened . . . to condemn the house . . . if [he] ha[d] to come out and look at anything." *Id*. at 2, 4. Similarly, Plaintiffs allege that Defendant Kenosha County "discriminat[ed] against the Plaintiffs [by] also forcing them to live in sub human [sic] conditions" when it failed to appropriately address Plaintiffs' complaints. *Id*. at 2.

Plaintiffs additionally allege, apparently unrelatedly, that the Kenosha County Sheriff failed to charge one of Plaintiffs' neighbors with "vandalism" after the neighbor allegedly "severely vandalized" several of Plaintiffs' vehicles and failed "to return the Plaintiffs [sic] calls" about the issue. *Id*. at 3. Also seemingly unrelatedly, Plaintiffs allege that "Twin Lakes Police Officers harassed Michael . . . and his family by mailing them fake tickets" for loose animals and by issuing "7 warrants for Mi[chael]" for the same. *Id*.

On April 20, 2023, a set of Defendants moved to dismiss the complaint, ECF No. 5, for failure to effectuate proper service and failure to

Page 2 of 10
Case 2:23-cv-00422-JPS   Filed 07/25/23   Page 2 of 10   Document 16

state a claim upon which relief may be granted. ECF No. 6. Plaintiffs did not oppose or otherwise respond to the motion to dismiss.

On May 23, 2023, Judge Joseph issued a report and recommendation providing that the action be dismissed in its entirety. ECF No. 12. She noted therein that the complaint "fails to state a cognizable claim against any of the Kenosha Defendants"; failed to "state a constitutional violation" against Border and further "failed to allege the Court's jurisdiction to hear" state law claims against "non-state actor[]" Defendants Border, Laurine, and Defendant Sarah Walsh; and failed to demonstrate that the various allegations "form[ed] part of the same case or controversy" for jurisdictional purposes. *Id*. at 4–9. Judge Joseph further noted that this was "the second complaint filed by these same plaintiffs in a one-month period," and that like the complaint in that case, this one was "also written in a stream-of-consciousness manner making vague allegations against various counties, law enforcement officers, and private individuals." *See id*. at 10 (citing *Braun et al. v. Termaat et al.*, Case No. 23-CV-301 (E.D. Wis. March 6, 2023)). Judge Joseph concluded that "[g]iven the nature of these lawsuits and the Plaintiffs' actions" in failing to timely amend their complaint in Case No. 23-CV-301 and in failing to respond to the motion to dismiss in this case, she "d[id] not find that granting leave to amend and encouraging further litigation of this matter is warranted." *Id*.

The following day, on May 24, 2023, Plaintiffs filed a "Motion to Object" to magistrate judge jurisdiction. ECF No. 13. They write therein that they "did not intend to proceed with [Judge] Joseph," "had until June 1st to deny [Judge] Joseph," and that "sweeping the[se] [allegations] under the rug would be . . . a slap in the face to the Constitution." *Id*. at 1–2.

Page 3 of 10
Case 2:23-cv-00422-JPS    Filed 07/25/23    Page 3 of 10    Document 16

### 3. REPORT AND RECOMMENDATION

"The Court must review *de novo* any portion of a magistrate's recommendation to which the plaintiff timely and properly objects, and may accept, reject, or modify any part of the recommendation." *Weatherall v. Bread*, No. 20-CV-863-JPS, 2020 U.S. Dist. LEXIS 214634, at *4 (E.D. Wis. Nov. 17, 2020) (citing Fed. R. Civ. P. 72(b)(3)). "To trigger *de novo* review, the plaintiff must object to specific portions of the magistrate's report and recommendation." *Id*. (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 740–41 (7th Cir. 1999)). "When the plaintiff makes no specific objections to the magistrate's recommendation, the court will review the recommendation for clear error." *Id*. at *4–5 (citing *Johnson*, 170 F.3d at 739; *Kanter v. Comm'r of Internal Revenue*, 590 F.3d 410, 417 (7th Cir. 2009)).

Plaintiffs appear not to object to Judge Joseph's conclusions in her report and recommendation, but rather to her issuance of the report and recommendation as a general matter. They insist, via a "motion to object," that they did not consent to Judge Joseph's jurisdiction over their case, and so she should not have issued a report and recommendation in relation therewith. ECF No. 13.

But this argument is a nonstarter, because magistrate judges are authorized to "issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court" irrespective of the presence of consent to magistrate judge jurisdiction. *Coleman v. Labor & Indus. Rev. Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (quoting *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 28 (2014)). "[A] magistrate judge does not have the authority to enter a final judgment in a case when only one party . . . has consented to the magistrate judge's jurisdiction." *Brown v. Peters*, 940 F.3d 932, 933 (7th Cir. 2019) (citing *Coleman*, 860 F.3d at 561). But Judge Joseph

Page 4 of 10
Case 2:23-cv-00422-JPS    Filed 07/25/23    Page 4 of 10    Document 16

entered no final judgment in this case; she only "submit[ted] a report and recommendation to an Article III judge for final resolution." *Id.* at 934 (citing *Coleman*, 860 F.3d at 475). It is this Court—the District Court—that will, in the absence of consent to the magistrate judge, render the ultimate decision in this case and enter final judgment thereon. *See Burns v. Summers*, No. 22-2132, 2023 U.S. App. LEXIS 10962, at *11 n.1 (7th Cir. May 4, 2023) ("[Plaintiff's] protest that he did not consent to have a magistrate judge preside is unfounded because a district judge decided this case."). Accordingly, Plaintiff's "motion to object," ECF No. 13, will be denied as legally baseless.

Having addressed that issue, the Court moves on to its review of the report and recommendation in this case. Because Plaintiffs did not specifically object to the report and recommendation's substance, but rather to its issuance as a general matter, the Court reviews the report and recommendation only for clear error. *Weatherall*, 2020 U.S. Dist. LEXIS 214634, at *4.

To the extent that Judge Joseph identified issues with Plaintiffs' complaint—for example, that it impermissibly attempts to address in one action seemingly unrelated issues—the Court agrees. *See generally* ECF No. 12. For the reasons provided below, however, the Court does not agree with Plaintiffs being denied the opportunity to amend and concludes that Judge Joseph's recommendation of dismissal without any opportunity to amend was clearly erroneous.

The Court disagrees that the outcome of Plaintiffs' other recent case, Case No. 23-CV-301, supports the conclusion that amendment in this case would be futile. Judge Joseph notes that Plaintiffs' initial and amended complaints in Case No. 23-CV-301 bore similar deficiencies to those

identified in the instant complaint and writes that "Plaintiffs have now been twice instructed as to proper claims to bring in federal court." ECF No. 12 at 10. But this case was filed just a few weeks after Case No. 23-CV-301, before Judge Joseph ever issued her report and recommendation therein. Accordingly, Plaintiffs would not have been able to apply the guidance and instruction provided in that report and recommendation to the instant complaint. They cannot be faulted for failing to heed instruction and advice that had not yet been provided.

It is also true that "Plaintiffs . . . failed to respond to the Kenosha Defendants' motion to dismiss in this case." *Id.* But Plaintiffs' failure to respond to that motion does not go to the futility of granting leave to amend. Nor is it necessarily indicative of bad faith on Plaintiffs' part such that leave to amend may otherwise be deemed inappropriate. *See Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) ("There are a myriad of reasons why a party might be months late in responding to a motion. The likeliest . . . is carelessness . . . .").

Moreover, the defects Judge Joseph identified in Plaintiffs' complaint are "not so obviously incurable that the court should" dismiss the complaint without granting Plaintiffs an opportunity to amend. *Hatch v. City of Milwaukee*, No. 21-2805, 2022 U.S. App. LEXIS 8014, at *6–7 (7th Cir. Mar. 28, 2022). "The ordinary practice, especially for pro se pleadings, is to allow at least one amendment." *Id*. at *7 (citing *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018)). "Leave to amend should be granted unless 'it is *certain* from the face of the complaint that any amendment would be futile.'" *Id*. (quoting *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015)).

Page 6 of 10
Case 2:23-cv-00422-JPS   Filed 07/25/23   Page 6 of 10   Document 16

It is not certain from the face of Plaintiffs' complaint that amendment would be futile, at least with respect to some of the claims Plaintiffs attempt to raise. It is true that, as currently pleaded, Plaintiffs' complaint fails to allege the Court's jurisdiction to hear those claims grounded in state law (for example, those against Border, Laurine, and Sarah Walsh). ECF No. 12 at 7–8. But it is not certain from the face of the complaint that Plaintiffs are unable to properly allege such jurisdiction. Judge Joseph suspects—perhaps correctly—that Plaintiffs will be unable to do so. *Id*. ("Plaintiffs do not allege that Laurine and Walsh are not citizens of Wisconsin and in fact, at least as to Walsh, Plaintiffs affirmatively allege that she is their neighbor and thus likely is a citizen of Wisconsin."). But this suspicion is insufficient to deprive Plaintiffs of the opportunity to amend.

It is also true that, as currently pleaded, Plaintiffs' complaint attempts to impermissibly join entirely unrelated claims in the same action. But amendment would not be futile as to this issue because Plaintiffs could cure this defect by simply removing unrelated claims and allegations from their amended complaint. The Court will therefore decline to assess whether Plaintiffs' claims warrant dismissal until after Plaintiffs have had an opportunity to amend; Judge Joseph's report and recommendation must accordingly be rejected.

Should Plaintiffs elect to comply with this Order and file an amended complaint, it will become the operative complaint in this action, and the Court will screen it. Any amended complaint must be filed on or before **August 24, 2023**. Failure to file an amended complaint within this time period will result in dismissal of this action with prejudice. The Court is enclosing a copy of its amended complaint form. Plaintiffs should use the spaces on pages two and three to allege the key facts that give rise to the

claims they wish to bring. If the space is not enough, Plaintiffs may use up to five additional sheets of paper.

Plaintiffs are advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). In other words, a piecemeal amendment is not permitted. If Plaintiffs file an amended complaint, they must include all allegations in a single filing without reference to other documents.

4.  **MOTION FOR LEAVE TO FILE ELECTRONICALLY**

The Court must also address Plaintiffs' motion for leave to file electronically. ECF No. 14. The motion states simply that "Jennifer Samuels [is] requesting to e-file" in this case. *Id*. But because Plaintiffs have asserted no actual grounds in support of their motion for leave to file electronically (for example, that they have limited access to the postal service or lack financial resources to mail in filings), the Court will deny the motion without prejudice. *See* Fed. R. Civ. P. 7(b)(1)(B) ("A request for a court order must be made by motion. The motion must: . . . state with particularity the grounds for seeking the order . . . .").

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation, ECF No. 12, be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to object to magistrate judge jurisdiction ECF No. 13, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file electronically, ECF No. 14, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiffs shall file an amended complaint addressing the issues identified in Judge Joseph's report and recommendation, ECF No. 12, on or before **August 24, 2023**. Failure to timely do so will result in dismissal of the action with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiffs a blank amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiffs are further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFFS FAIL TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.